UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JIMMY LEWIS MORGAN, ) | Case No.: 1:09 CV 2190 |
| ) | |
| Plaintiff ) | |
| ) | JUDGE SOLOMON OLIVER, JR. |
| v. ) | |
| ) | |
| WARDEN MAGGIE BEIGHTLER, *et al.*, ) | |
| ) | MEMORANDUM OF OPINION |
| Defendants ) | AND ORDER |

Pro se Plaintiff Jimmy Lewis Morgan ("Plaintiff") filed this action under 42 U.S.C. § 1983 against Defendants Marion Correctional Institution Warden Maggie Beightler ("Beightler") and the Ohio Department of Rehabilitation and Correction ("ODRC") (ECF No. 1).

Plaintiff filed an Amended Complaint on November 13, 2009 (ECF No. 4). This pleading lists only Marion Correctional Institution Warden Maggie Beightler as the Defendant. All claims are asserted against Defendant Beightler only. The court therefore construes this Complaint solely against Ms. Beightler. Any claims which may have been asserted against ODRC or its Director Terry Collins are dismissed. In the Amended Complaint, Plaintiff reiterates the allegations in his original pleading. He seeks to assert violations of his First and Eighth Amendment rights, and brings two negligence claims under state law.

## I. BACKGROUND

Plaintiff was incarcerated in the Marion Correctional Institution when he was involved in an altercation with another inmate on October 1, 2008.[1] He and inmate Sammie Sledge had been arguing. He indicates he turned to leave and was attacked from behind by Mr. Sledge. He was struck on the back of the head with a weapon Mr. Sledge constructed from padlocks and a laundry bag. Plaintiff defended himself with a broom handle. He states the corrections officer assigned to the block was in the hall monitoring inmate movement to the recreation area. He does not state how the altercation was terminated. Although he claims he was treated for two gashes on his forehead which left him with migraine headaches, he states his injuries were de minimis. Mr. Sledge was indicted by the Marion County Grand Jury on charges of felonious assault and possession of a deadly weapon while under detention. Both Plaintiff and Mr. Sledge were found guilty by prison officials for the infraction of fighting. Plaintiff's security classification status was raised, and he was transferred to the Mansfield Correctional Institution.

Plaintiff alleges he was transferred in retaliation for reporting a fire code hazard. He states that he was housed with inmates who utilized walkers or wheelchairs for mobility. He contends that in the event of a fire at the institution, he was concerned that these inmates would slow his egress from the building because they would take longer to go down stairs during an evacuation. He claims he determined this "posed an unnecessary threat to his safety and security." (Am. Compl. at 2.) He reported his concerns to the Fire Marshal and as a result, these inmates were removed from his block. Plaintiff asserts that the Defendant was not happy that he initiated the inquiry. He states that

---

[1] Mr. Morgan is serving a sentence of 20 years to Life imprisonment for aggravated murder.

his security classification was raised and he was transferred for exercising his First Amendment right to initiate contact with the Fire Marshal. He further claims that Beightler violated his Eighth Amendment rights. Plaintiff also brings two negligence claims, the first alleging that Beightler "had personal and direct knowledge that the Commissary sold metal/steal combination locks, that is the number one deadly weapon of choice for Inmates" and the second alleging that "[a]fter Plaintiff was out of population at Marion, Inmate[s] in wheel-Chair and required to use[] walkers w[ere] moved back into the blocks and dorms." (Am. Compl., at 4-5.) He seeks $250,000.00 in damages.

## II. ANALYSIS

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, Plaintiff's First Amendment claim remains. Plaintiff's Eighth Amendment, Fourteenth Amendment, and negligence claims are dismissed pursuant to §1915(e).

---

[2] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

A. First Amendment

Plaintiff alleges that Beightler violated his First Amendment rights "by causing Plaintiff's security status to be raised and caused Plaintiff to be transferred in retaliation for Plaintiff exercising his constitutional right to petition for redress of grievance." (Am. Compl., at 4.) To state a prima facie case for retaliation, Plaintiff must establish: (1) that he engaged in protected conduct; (2) that an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) that a causal connection exists between the first two elements. Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999). An inmate has a First Amendment right to file grievances. See Noble v. Schmitt, 87 F.3d 157, 162 (6th Cir. 1996). Plaintiff alleges in his Amended Complaint that he informed the County Fire Marshal that inmates who were in wheelchairs or used walkers created a fire hazard, and that consequently, Defendant removed these inmates from the cell blocks and dorms at Marion Correctional Institution. (Am. Compl., at 2.) Plaintiff alleges that "Defendant was not happy that Plaintiff forced Major Institutional Movement." (Id.) He further alleged that, "Defendant Beightler in retaliation for Plaintiff exercising his Constitutional right to use the grievance produre [sic], requested and caused Plaintiff's security status to be raised and transferred." (Id. at 3.) At this preliminary stage, the court finds that Plaintiff states a claim upon which relief can be granted, and that Plaintiff's claim has an arguable basis in law or fact. Therefore, it should not be dismissed pursuant to 28 U.S.C. § 1915(e). Accordingly, this claim must be served upon Defendant.

B. Eighth Amendment

Plaintiff has not alleged facts to show how Warden Beightler violated his Eighth Amendment rights. Prison officials may not deprive inmates of "the minimal civilized measure of life's

necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The Supreme Court in Wilson v. Seiter, 501 U.S. 294, 298 (1991), set forth a two-pronged framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. First, a plaintiff must plead facts which, if true, establish that a sufficiently serious deprivation has occurred. Id. Seriousness is measured in response to "contemporary standards of decency." Hudson v. McMilian, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. Id. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. Id. at 9. Second, Plaintiff must establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. Id. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Plaintiff's first Eighth Amendment violation claim is that Beightler failed "to insure Officers stay on their post and do not leave Inmates unsupervised." (Am. Comp., at 4.) As a threshold matter, Plaintiff fails to establish the objective component of his claim. Plaintiff states that some inmates were unsupervised while inmates were moving to recreation. It would be nearly impossible for all inmates to be supervised at all times. Further, Marion Correctional Institution is considered to be a level 2, medium security, prison[3] for which full-time supervision would be expected. The Complaint does not suggest that there were known violent inmates in the unit, or that Plaintiff had been threatened by this inmate on prior occasions. Without more, this allegation is insufficient to

---

[3] There are 5 security levels. Level 1 is considered Minimum Security. Level 2 is Medium Security. Level 3 is Close Security. Level 4 is Maximum Security and Level 5 is Administrative Maximum Security. See http://www.drc.state.oh.us.

suggest the type of extreme deprivation prohibited by the Eighth Amendment.

Moreover, this allegation also fails to satisfy the subjective component of the claim. Plaintiff indicates that Beightler breached a duty t protect him from harm. The Eighth Amendment requires a plaintiff to show that prison officials acted with deliberate indifference to deprive him of "the minimal civilized measure of life's necessities." Wilson, 501 U.S. at 298; Rhodes, 452 U.S. at 347. Deliberate indifference is characterized by "obduracy and wantonness, not inadvertence or error in good faith." Whitley v. Albers, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. Id. Even liberally construed, the Complaint contains no allegations indicating that Beightler acted with a degree of culpability greater than mere negligence.

Plaintiff's second Eighth Amendment violation claim is that Beightler failed "to protect Plaintiff from a know[n] risk of harm, metal/steal locks sold in Commissary, and failed to take reasonable steps to abate that known risk of harm, i.e., the locking mechanism could be securely fastened to the locker box, or a variety of other a[l]ternatives." (Am. Compl., at 4.) Plaintiff further alleges that Beightler owed Plaintiff "a duty to keep him safe from harm, she breached tha[t] duty by continuing to sell deadly weapons in the commissary, and the breach of that duty is the proximate cause of damages." (Id., at 5.) As stated above, liability cannot be predicated solely on negligence. Whitley, 475 U.S. at 319. Nothing in the Complaint alleges that Beightler acted with "obduracy and wantonness" rather than with simple "inadvertence," which is required to show a violation of the Cruel and Unusual Punishments Clause. Id.

Therefore, the court dismisses both of Plaintiff's Eighth Amendment violation claims.

### C. Fourteenth Amendment

In Count I, Plaintiff refers to the Fourteenth Amendment, together with the First Amendment.

In Counts II, and IV, Plaintiff refers to the Fourteenth Amendment and the Eighth Amendment. The court interprets these references to the Fourteenth Amendment as a suggestion by Plaintiff that the First and Eighth Amendments are incorporated against the states through the Fourteenth Amendment. The court does not find that Plaintiff is stating a separate substantive due process claim pursuant to the Fourteenth Amendment. If it was intended to be a separate claim, it is dismissed because he has not stated a claim for a substantive due process violation. First, it is well-settled that a plaintiff cannot make a general due process violation claim if relief is available under other specific grounds. Conn v. Gabbert, 526 U.S. 286, 293 (1999) ("We have held that where another provision of the Constitution 'provides an explicit textual source of constitutional protection,' a court must assess a plaintiff's claims under that explicit provision and 'not the more generalized notion of 'substantive due process.''") (quoting Graham v. Connor, 490 U.S. 386, 395 (1989)). Second, to make a substantive due process violation claim, the conduct asserted to have deprived a plaintiff of "life, liberty, or property, without due process of law," U.S. Const. Amend. XIV, must be "so severe, so disproportionate to the need presented, and such an abuse of authority 'as to transcend the bounds of ordinary tort law and establish a deprivation of constitutional rights.'" Parate v. Isibor, 868 F.2d 821, 833 (6th Cir. 1989) (quoting McClary v. O'Hare, 786 F.2d 83, 88 (2d Cir.1986)). There are no allegations in the Complaint which suggest conduct this severe. Plaintiff fails to demonstrate that he was denied due process.

### D. Negligence Claims

Plaintiff's first claim of negligence, Count III, states only that Beightler knew that the Commissary sold metal/steal combination locks. The court interprets this to be a claim that Beightler had a duty to protect the inmates from harm and failed to do so by permitting metal locks

7

to be sold at the Commissary. To recover on a negligence claim under Ohio law, a plaintiff must prove the following by a preponderance of the evidence: (1) a defendant owed the plaintiff a duty, (2) a defendant breached that duty, and (3) the breach of the duty proximately caused a plaintiff's injury. Chambers v. St. Mary's School, 697 N.E.2d 198, 200 (Ohio 1998). Ohio law imposes the duty of reasonable care and protection from unreasonable risks upon the state. Clemets v. Heston, 485 N.E.2d 287, 291-292 (Ohio App.3d 1985).

In Mitchell v. Ohio Dept. of Rehab. and Corr., 668 N.E.2d 538, 540 (Ohio App. 10 Dist., 1995), the court determined that "[w]here ... one inmate intentionally attacks another inmate, actionable negligence may arise only where there was adequate notice of an impending attack." Later, the court in Kordelewski v. Ohio Dept. of Rehab. & Corr., No. 00AP-1109, 2001 WL 697984, *2 (Ohio App. 10 Dist., June 21, 2001), discussed Mitchell and opined that, "Mitchell, thus, at least implicitly, left open the possibility that grossly deficient security procedures might give rise to liability on the part of the ODRC if the result were to permit one inmate to attack another." Therefore, the two prongs that must be evaluated to determine if Plaintiff has sufficiently presented a claim are: "(1) whether the ODRC had notice of an impending attack against plaintiff, and (2) whether the ODRC exercised reasonable care under the circumstances." Ford v. Ohio Dept. of Rehab. and Corr., No. 05AP-357, 2006 WL 1390846, *3 (Ohio App. 10 Dist., May 23, 2006).

In his Complaint, Plaintiff does not allege that Beightler had any knowledge of or reason to know that Mr. Sledge would attack Plaintiff. Plaintiff attempts to allege that Beightler had constructive knowledge of this threat in the respect that Beightler knew that the Commissary sold metal locks. Yet, Plaintiff in no way alleges that Beightler knew that Mr. Sledge would use these locks as weapons against Plaintiff. Further, Plaintiff's Amended Complaint does not allege that

8

selling metal locks in the Commissary amounts to a "grossly deficient security procedure" that the Kordelewski court found could make the state liable for an attack by an inmate. Kordelewski, 2001 WL 697984, *2. Therefore, Plaintiff has failed to state a claim upon which relief can be granted because he fails to allege the notice element in his Complaint. Neitzke, 490 U.S. 319. The court therefore dismisses Count III of Plaintiff's Complaint.

Plaintiff's second claim of negligence, Count V, states that after Plaintiff was removed from the Marion facility, inmates in wheelchairs and using walkers were moved back into the cell blocks and dorms, from where they had been removed previously pursuant to his complaint to the Fire Marshal. Plaintiff further alleges that one reason he was moved to a new facility was so that inmates in wheelchairs and using walkers could be moved back into the cell blocks and dorms. Plaintiff further alleges that he filed a similar complaint while at the Mansfield facility and that, as a consequence, inmates using walkers or in wheelchairs were removed from the cell blocks and dorms. This set of facts does not state a claim for negligence against Beightler. First, the only action that Beightler could possibly be involved in is moving Plaintiff to Mansfield so that the Marion facility could move inmates using walkers or in wheelchairs back into the cell blocks and dorms at the Marion facility. This does not state a claim for negligence; rather, it appears to claim that Beightler acted purposely. Further, if Plaintiff is attempting to allege that Beightler was negligent for moving inmates in wheelchairs or using walkers back into the cell blocks and dorms at the Marion facility, he would not have standing to bring such a claim as he is no longer at the Marion facility and therefore not affected by decisions made there. In other words, Beightler would not owe Plaintiff a duty, and Plaintiff would not have suffered any harm as a result of Beightler's conduct. Chambers, 697 N.E.2d at 200. Therefore, the court dismisses Count V of Plaintiff's Complaint

9

### III.  CONCLUSION

Accordingly, Plaintiff's Eighth Amendment claim, negligence claims, and his potential Fourteenth Amendment claim, are dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]  This action shall proceed solely on Plaintiff's First Amendment retaliation claim against Beightler.  The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this Order in the documents to be served upon Defendant**.**

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

October 18, 2010

---

[4] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.