UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JIMMY LEWIS MORGAN, *Pro Se,* | ) | Case No.: 1:09 CV 2190 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| WARDEN MAGGIE BEIGHTLER, *et al.*, | ) | |
| | ) | |
| Defendants | ) | <u>ORDER</u> |

*Pro se* Plaintiff Jimmy Lewis Morgan ("Plaintiff") filed this action under 42 U.S.C. § 1983 against Defendants Marion Correctional Institution Warden Maggie Beightler ("Beightler" or "Defendant") and the Ohio Department of Rehabilitation and Correction ("ODRC") (ECF No. 1). Pursuant to this court's previous Order, the only remaining claim is a First Amendment retaliation claim against Beightler (ECF No. 9). Currently pending before the court are Plaintiff's Motion for Judgment on the Pleadings and Motion for Summary Judgment (ECF No. 13), Plaintiff's Petition to the Court for Judgment by Default of the Defendant (ECF No. 29), and Defendant's Motion to Dismiss for Failure to Exhaust Administrative Remedies (ECf No. 28). For the reasons stated herein, the court grants Defendant's Motion and denies Plaintiff's Motions.

## I. BACKGROUND

Plaintiff was incarcerated in the Marion Correctional Institution when he was involved in

an altercation with another inmate on October 1, 2008.[1] He and inmate Sammie Sledge had been arguing. He indicates that he turned to leave and was attacked from behind by Mr. Sledge. Mr. Sledge was indicted by the Marion County Grand Jury on charges of felonious assault and possession of a deadly weapon while under detention. Both Plaintiff and Mr. Sledge were found guilty by prison officials for the infraction of fighting. Plaintiff's security classification status was raised, and he was transferred to the Mansfield Correctional Institution.

Plaintiff states that he was housed with inmates who utilized walkers or wheelchairs for mobility, who may have hindered his egress during a fire. (Am. Compl. at 2.) He reported his concerns to the Fire Marshal and as a result, these inmates were removed from his block. Plaintiff asserts that the Defendant was upset about this inquiry, and that the subsequent transfer was retaliation for exercising his First Amendment right to initiate contact with the Fire Marshal.

On September 21, 2009, Plaintiff filed this action against both Beightler and the ODRC (ECF No. 1). On November 13, 2009, Plaintiff filed an Amended Complaint, solely asserting claims against Beightler (ECF No. 4). On October 18, 2010, this court dismissed the Eighth and Fourteenth Amendment claims, the negligence claims, and all claims against ODRC. The only remaining claim is a First Amendment retaliation claim under § 1983 against Beightler. On November 18, 2010, Plaintiff filed a Motion for Judgment on the Pleadings and a Motion for Summary Judgment. (ECF No. 13.) On May 10, 2011, Beightler filed a Motion to Dismiss for Failure to Exhaust Administrative Remedies. (ECF No. 28.) On May 13, 2011, Plaintiff filed a Petition to the Court for Judgment by Default of the Defendant. (ECF No. 29.)

## II. PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

---

[1]  Mr. Morgan is serving a sentence of 20 years to Life imprisonment for aggravated murder.

The entry of defaults and default judgments is governed by the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 55(a) states "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Federal Rules of Civil Procedure 12(a)(1)(A) requires a defendant to serve an answer "within twenty days after being served with the summons and complaint . . . ." Federal Rules of Civil Procedure 55(b)(2) provides for a party to apply to the court for a default judgment in cases that do not involve a sum that can be made certain by computation.

Plaintiff asserts that he is entitled to default judgment because Defendant had 21 days, from the service of the Complaint upon her, to answer, but failed to do so. Plaintiff uses the date of April 11, 2011 as the date of service. However, the docket indicates that Defendant was served on April 19, 2011 (ECF No. 27). Therefore, Defendant had 21 days from April 19, 2011, until May 10, 2011, to "plead or otherwise defend." FED.R.CIV.P. 12(a), 55(a). Defendant filed a Motion to Dismiss Case for Failure to Exhaust Administrative Remedies on May 10, 2011. (ECF No. 28.) The Certificate of Service indicates that a copy of the Motion was mailed to Plaintiff. (*Id*. at 6.) Defendant's filing of the Motion to Dismiss is an appropriate response to Plaintiff's Complaint, and under FED.R.CIV.P. 12(a)(4), tolls the time period for it to file an answer. Rule 12(a)(4) states in pertinent part: "serving a motion under this rule alters these periods as follows: (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action . . . ." *Id*; *See also Wrenn v. Gould*, 816 F.3d 683 (Table), 1987 WL 36949, at *1 (6th Cir. Apr. 3, 1987) ("The district court properly denied plaintiff's motion [for partial summary judgment and/or default judgment] because Rule 12(a) clearly states

3

that the time within which a defendant must file its answer is altered and extended where the same defendant moves to dismiss the case under Rule 12(b)(6)"). Defendant's Motion was filed within the appropriate time frame. Under Rule 12(a)(4), Defendant is not required to file an Answer unless her Motion to Dismiss is denied.

Plaintiff argues that he is entitled to default judgment because Defendant's Motion was not mailed to him until May 11, 2011, and therefore it was a day late, since service was not complete until it was mailed. (Reply at 1, ECF No. 33.) Plaintiff contends that he is not considered served until the Motion was mailed out, based on the Mailbox Rule. On this point, Plaintiff is correct. Service was not complete until the Motion was mailed. However, serving Plaintiff one day late still does not entitle him to default judgement under the Federal Rules of Civil Procedure. Under Rules 12(a) and 55(a) of the Federal Rules of Civil Procedure, Defendant had 21 days from April 19, 2011, until May 10, 2011, to "plead or otherwise defend." However, Rule 6(d) of the Federal Rules of Civil Procedure allows for three additional days to be added "after the period would otherwise expire," if service was made on Defendant in one of the four specified ways. One of the specified ways is service by mail under FED.R.CIV.P 5(b)(2)(c), "mailing [a paper] to the person's last known address." Defendant was served by mail. (ECF No. 27.) Further, Plaintiff states that determining when service was complete was based on "Civ. R. 5(c) mailing it to the person's last known address- in which event ser[vice] is Complete <u>UPON</u> Mailing." (Reply at 1(emphasis in original).) Therefore, Plaintiff is in agreement that service was made in one of the four specified ways. Defendant had three additional days, or until May 13, 2011, to "plead or otherwise defend." FED.R.CIV.P. 55(a). Thus, Defendant's mailing of her Motion on May 11, 2011, was done within the appropriate time frame, and Plaintiff's Motion for Default Judgment must be denied.

4

### III. DEFENDANT'S MOTION TO DISMISS

#### A. *Pro Se* Pleadings

Plaintiff has filed the instant suit *pro se*. Pleadings drafted by *pro se* litigants are "held to a less stringent standard than those prepared by an attorney." *Urbina v. Thomas*, 270 F.3d 292, 295 (6th Cir. 2001) (citing *Cruz v. Beto*, 405 U.S. 319 (1972)). However, *pro se* litigants are given no further special treatment beyond this latitude afforded in their pleadings. The Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. U.S.*, 508 U.S. 106, 113 (1980). The Supreme Court further stated in *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980), "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." Therefore, with the exception of the court giving Plaintiff greater leeway in the drafting of his pleadings, he will be given no further special treatment, especially as it relates to procedural requirements.

#### B. 12(b)(6) Standard

The court examines the legal sufficiency of the plaintiff's claim under Federal Rule of Civil Procedure 12(b)(6). *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). The Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and recently in *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009) clarified the law regarding what the plaintiff must plead in order to survive a Rule 12(b)(6) motion.

When determining whether the plaintiff has stated a claim upon which relief can be granted, the court must construe the Complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to

relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Even though a Complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.* A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Iqbal*, 129 S.Ct. at 1949, further explains the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

The Sixth Circuit has held that a court may consider allegations contained in the Complaint, as well as exhibits attached to or otherwise incorporated in the Complaint, all without converting a motion to dismiss to a motion for summary judgment. Fed. R. Civ. P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

### C. Analysis

Defendant has moved for dismissal of Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) for failure to exhaust administrative remedies before filing suit as required by the Prison Litigation

Reform Act of 1995 (PLRA).[2]  42 U.S.C. § 1997e(a).  Although Plaintiff properly described the grievance process he had engaged in prior to filing his Complaint, his grievances are insufficient to proceed in a suit against the warden.

The Supreme Court has stated that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its procedures," in discussing the PLRA's requirement that plaintiff exhaust administrative remedies before bringing a federal suit. *Woodford v. Ngo.* 548 U.S. 81, 88-90 (2006). These procedural rules are defined by the prison grievance process, and not the PLRA. *See Jones v. Bock*, 549 U.S. 199, 218 (2007). Ohio's Administrative Code lays out the inmate grievance procedure. *See* Ohio Admin Code 5120-9-31 (2011). Section M of Ohio Admin Code 5120-9-31 states that

> [g]rievances against the warden or inspector of institutional services must be filed directly to the office of the chief inspector within thirty calendar days of the event giving rise to the complaint. Such grievances must show that the warden or inspector of institutional services was *personally and knowingly* involved in a violation of law, rule or policy, or *personally and knowingly* approved or condoned such a violation.

(emphasis added). Therefore, Plaintiff needed to show in his grievances that Defendant was "personally and knowingly involved in violation of law, rule, or policy, or personally and knowingly approved or condoned such a violation." *Id*. Plaintiff has included all of his grievances with his Complaint. (ECF No. 1-1.) A review of Plaintiff's grievances demonstrates that he mentions the Defendant's name in introducing his claim, but fails to provide any facts on how she was "personally

---

[2] Since the court is granting Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), it need not address Defendant's Motion under Rule 12(b)(1).

and knowingly involved in a violation of a law, rule, or policy, or personally and knowingly approved or condoned such a violation." Ohio Admin Code 5120-9-31. He alleges that his security status was raised in retaliation for informing the Fire Marshall of fire code hazards, but neither explains how Defendant was personally or knowingly involved in this alleged act of retaliation, nor how she personally approved or condoned such acts. (Exhibits A, E, ECF No. 1-1.) Therefore, Plaintiff has failed to properly exhaust his remedies through the inmate grievance procedure by his failure to state his grievance with particularity. *See Tate v. Williams*, No. 2:06-cv-47, 2007 WL 781657 (S.D. Ohio Mar. 12, 2007) (finding plaintiff failed to exhaust administrative remedies and dismissal of claim based in part on Plaintiff's failure to identify the warden and show how he was "personally and knowingly involved in a violation of law, rule or policy, or personally and knowingly approved or condoned such a violation.")

Plaintiff argues that his Complaint should not be dismissed because he did file a grievance against the Warden to the Office of the Chief Inspector. (Reply to Defendant's Motion to Dismiss for Failure to Exhaust Administrative Remedies, ECF No. 31.) However, Plaintiff misconstrues Defendant's argument. Defendant has not alleged that Plaintiff did not file a grievance against the Warden with the Office of the Chief Inspector. Instead, Defendant is alleging that Plaintiff failed to state any facts that demonstrate Defendant was "personally and knowingly involved in a violation of the law, rule or policy, or personally and knowingly condoned such a violation," and thereby failed to exhaust his administrative remedies. Ohio Admin Code 5120-9-31. Since Plaintiff's argument is misplaced, it fails to change the court's analysis regarding Plaintiff's failure to exhaust

8

administrative remedies.[3]

The Sixth Circuit has stated that a plaintiff's complaint must be dismissed where he files his "federal complaint before allowing the administrative process to be completed." *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). Thus, Plaintiff's Complaint must be dismissed for failure to exhaust his administrative remedies.

### IV. PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION FOR SUMMARY JUDGMENT

In light of the foregoing, the court denies Plaintiff's Motions for Judgment on the Pleadings and Motion for Summary Judgment (ECF No. 13) as moot. In any event, even if the court were to consider Plaintiff's Motions on the merits, they would still be denied. To succeed on his Motions, Plaintiff would have to show that there is no issue of material fact regarding any of the elements of a First Amendment retaliation claim. Plaintiff's Motions, however, merely reassert the allegations of his Complaint, without citing facts or law to support them. Since he is unable to demonstrate that no issue of material fact remains, he is not entitled to judgment on the pleadings or summary judgment.

### V. CONCLUSION

For the foregoing reasons, the court hereby grants Defendant's Motion to Dismiss (ECF No. 28), denies Plaintiff's Petition to the Court for Judgment by Default of the Defendant (ECF No. 29), and denies as moot Plaintiff's Motion for Judgment on the Pleadings and Motion for Summary Judgment (ECF No. 13).

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
CHIEF JUDGE

---

[3] Plaintiff also reiterates his argument regarding Defendant's failure to file an answer, contained within his Motion for Default Judgment. However, for the reasons stated above, this argument is meritless.

9

UNITED STATES DISTRICT COURT

May 26, 2011